IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FRANCIS AKINRO                    *
          Plaintiff,
  v.                              *   CIVIL ACTION NO. JFM-10-1298

BALTIMORE COUNTY POLICE           *
  DEPARTMENT, et al.
DUKES MOTEL                       *
          Defendants.
                      ***

## **MEMORANDUM**

Plaintiff, a resident of Baltimore, Maryland who holds himself out as a "Professor" and Department of Justice employee, filed this 28 U.S.C. § 1331 action on May 17, 2010, against the Baltimore County Police Department and Dukes Motel. His statement of facts alleges that:

> "I rent Dukes Motel located at Pulaski Hwy on May 1, 2010 and I supposed to check out on June 1, 2010. On May 16, 2010 there stranger who knocked at my door by 3:00 a.m. and at about 12:00 p.m. Mrs. Barbara Bush which I know to be a stranger claim herself as the owner of the hotel and want me to move out instantaneously. The Baltimore Police who came forced me out against my will. I am outside since yesterday sleeping in the street and my life is in danger someone can just kill me because of their action. This is torture in violation of Convention Against Torture arrasement and inhuman treatment of United States and eight amendment cruel and unusual punishment."

Paper No. 1 at 2.

In his relief request, plaintiff seeks the award of $997,000,000,000,000.00, court order "forcing the motel to rent their hotel for me because I am homeless because of it and sleeping in street." He further asks that the court punish the Baltimore County police officer involved in his motel removal with life imprisonment and impose the "death penalty" on Barbara Bush and her conspirators for forcing him out of the motel. *Id*., at 3. Although plaintiff's indigency application

contains information the court finds questionable, he shall be granted leave to proceed *in forma pauperis*.[1]

This court may preliminarily review the complaint allegations before service of process and dismiss them *sua sponte* if satisfied that the complaint has no factual or legal basis. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Cochran v. Morris,* 73 F.3d 1310, 1314 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995). As explained by the Supreme Court in *Neitzke*: "Examples of [factually baseless lawsuits] are claims describing fantastic or delusional scenarios, with which federal district judges are all too familiar." *Neitzke v. Williams*, 490 U.S. at 328.

Even when affording the *pro se* complaint and accompanying materials a generous construction, the court finds no basis to allow the action to go forward or to require supplementation. The complaint shall be summarily dismissed under 28 U.S.C. § 1915(e). A separate Order follows.

Date: ___June 4, 2010___  　　　　　　　____/s/_____
　　　　　　　　　　　　　　　　　　　　J. Frederick Motz
　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[1] Plaintiff claims that he receives $3,063.00 in monthly retirement income; has been employed by the U.S. Department of Justice since July of 2009; and has $200,000.00 accumulated at three separate banks. Paper No. 2.